IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PENN-STAR INSURANCE COMPANY,
a Pennsylvania Corporation                                          PLAINTIFF/
                                                          COUNTER-DEFENDANT

v.                        No. 3:15-cv-104-DPM

NEW EDITION EARLY LEARNING ACADEMY, LLC,
an Arkansas Limited Liability Company;
JACQUELINE STANBACK, an Individual;
and MONICA CERVANTES,
Individually and as Parent and Next Friend
of Jonathan Cervantes, a Minor                                     DEFENDANTS

MONICA CERVANTES, Individually
and as Parent and Next Friend of
Jonathan Cervantes, a Minor                                  COUNTER-CLAIMANT

ORDER

1. This declaratory judgment action hinges on whether a professional services exclusion to liability insurance applies to a bad accident at a day care. On 27 January 2013 Monica Cervantes arrived to pick up her four-year-old son, Jonathan, and his sister from New Edition Early Learning Academy. Cervantes signed Jonathan out for the day, but she and her husband hung around talking with others inside. Meanwhile Jonathan had his eye on some pine cones on the shelf of a TV cart. During the conversation, a day care employee, as well as Cervantes and her husband, told Jonathan to stay away

from the pine cones and cart. But, as little boys will do, he went for them anyway. The cart and heavy tube television sitting on top of it tumped over on Jonathan, severely injuring him.

Cervantes has sued New Edition and its owner, Jacqueline Stanback, in state court. Her complaint focuses on the day care facility: the allegedly dangerous nature of the premises, the failure to remove objects and devices that are dangerous to children, and the failure to employ sufficient staff trained to supervise children and remove dangerous conditions. № 2-2. New Edition's liability insurer, Penn-Star Insurance Company, is defending in the state case, and has filed this declaratory judgment action to determine the coverage limit. Cervantes counterclaimed for the same purpose. Although not all the factual details matter in the coverage dispute, it's important to note at the threshold what Cervantes alleged happened to her son that day.

**2.** New Edition's insurance policy with Penn-Star covers sums New Edition must pay as damages because of bodily injury. It has an aggregate limit of $600,000, with $300,000 of coverage per occurrence. This commercial general liability insurance excludes coverage for certain professional services, though it's disputed whether the exclusion was part of the policy when the

accident happened. New Edition's policy also has professional liability coverage of $100,000 for day-care-related risks. The key language of these provisions is in the margin.*

Penn-Star admits the injury triggered the CGL coverage, but argues the professional services exclusion applies. And Penn-Star concedes the professional liability insurance covers the accident, so there's $100,000 in coverage. Cervantes argues the professional services exclusion wasn't part of the policy when the accident happened. But even if it was, she continues, it doesn't apply because New Edition doesn't provide professional services—so the CGL limit applies to the injury. Penn-Star and Cervantes both seek summary judgment on these points.

---

\* The professional services exclusion excludes coverage for "any actual or alleged negligent act, error, [or] omission . . . for which the insured is legally liable in the performance of or failure to perform 'professional services.'" As used here, professional services are "services performed for others requiring special skills, experience and knowledge." № 27-4 at 21.

The professional liability insurance covers "any negligent act, error or omission in the rendering or failure to render 'professional services,'" which is defined here as "any act or service requiring the employment of specialized knowledge labor or skill of a predominantly mental or intellectual nature." № 27-4 at 14, 18.

3. New Edition's policy excluded professional services from the CGL insurance, and added professional liability coverage of $100,000 for day care related risks. The object of the whole policy was for Penn-Star to insure New Edition against various liabilities. *Continental Casualty Company v. Davidson*, 250 Ark. 35, 41–42, 463 S.W.2d 652, 655 (1971). Under a reasonable and practical reading of the entire policy, and considering the provisions in connection with each other, the parties agreed to exclude injuries from professional services from the CGL coverage. *Ibid.; First Financial Insurance Company v. National Indemnity Company*, 49 Ark. App. 115, 117, 898 S.W.2d 63, 64 (1995). New Edition's separate coverage for professional services underscores this conclusion. *First Financial*, 49 Ark. App. at 118, 898 S.W.2d at 65.

It's unclear why professional services are defined slightly differently in the exclusion than in the coverage. But the exclusion is clear: It exempts injuries from an act, error, or omission in the use or failure to use special skills, experience, and knowledge. These terms are unambiguous, so, like all unambiguous contract terms, they aren't construed against Penn-Star. *McGrew v. Farm Bureau Mutual Insurance Company of Arkansas, Inc.*, 371 Ark.

567, 570–71, 268 S.W.3d 890, 894–95 (2007); *compare State Farm Fire and Casualty Co. v. Midgett*, 319 Ark. 435, 438, 892 S.W.2d 469, 471 (1995), *with Smith v. Shelter Mutual Insurance Co.*, 327 Ark. 208, 210, 937 S.W.2d 180, 181–82 (1997). Injuries arising from professional services—here, day care operations—are plainly excluded from the CGL coverage. *Smith*, 327 Ark. at 210, 937 S.W.2d at 181-82. To conclude otherwise would make the professional liability coverage superfluous. *Continental Casualty*, 250 Ark. at 41, 463 S.W.2d at 655.

No trial is needed on exactly what happened on the day of the accident, or exactly who was at fault, to answer the coverage question. The premise for any recovery by Cervantes is negligence in New Edition's operations—a lack of due care in arranging the cart and TV, securing play things, maintaining the facility, and hiring and training the caregivers. All these things are an important part of running a safe place for parents to take their children each day. *Capitol Indemnity Corporation v. Especially for Children, Inc.*, 2002 WL 31002849, at *6 (D. Minn. 29 August 2002). Decisions about them involve professional judgment about day care operations, and require the skills, experience, and knowledge of running that business. All the allegedly

negligent acts and omissions are reasonably embraced by the exclusion's definition of professional services. For these reasons, this exclusion—if it was in place—limits coverage for Jonathan's accident to $100,000.

4. There's a genuine factual dispute, though, about whether the professional services exclusion was in New Edition's policy when the cart fell on Jonathan. Penn-Star offers a copy of the certified policy that includes the endorsement adding the exclusion. *№ 27-4 at 3*. Penn-Star also offers an affidavit from Laura Moore (the underwriter), who says the endorsement was part of the policy all along. (Cervantes moves to strike this affidavit, but her arguments lack merit: Moore has personal knowledge because she reviewed the file; and Penn-Star disclosed Moore's involvement during discovery.)

But Cervantes points to the endorsement itself: It's dated almost a month after Jonathan's accident. *№ 27-4 at 20*. Stanback's copy of the policy, moreover, lists the professional services exclusion and professional liability coverage on the covering schedule, but the exclusion itself is missing. *№ 36-5 at 4*. And in Penn-Star's records, *№ 47-3*, Moore first said the exclusion form was missing, and added it after the accident, before concluding that she'd made a mistake and it was there after all. *№ 34-1*. All this creates a material

dispute of fact: Either the exclusion was part of New Edition's policy on 27 January 2013 or it wasn't. A jury must decide. And that decision will make a $200,000 difference in coverage.

5. A few final points. Cervantes argues the professional services exclusion doesn't exclude all alleged damages because the general liability coverage is for "damages because of 'bodily injury,'" whereas the exclusion is for "bodily injury." This difference in words makes no legal difference. The exclusion merely excluded one type of bodily injury from the general liability coverage for "damages because of bodily injury." Cervantes's argument about the child-abuse coverage also lacks merit. The underlying allegations of negligence aren't "abuse" under the policy terms, № 36-4 at 79, or in the plain, ordinary, and popular sense of that word. *CNA Insurance Company v. McGinnis*, 282 Ark. 90, 92, 666 S.W.2d 689, 691 (1984). Jonathan had an accident involving the pine cones, the cart, and the old TV. Finally, Penn-Star has conceded that the professional liability coverage of $100,000 applies. № 2 at ¶¶ 24-25. But the insurer is right the policy excludes punitive damages. № 35-4 at 76.

\* \* \*

Motion to strike Moore's affidavit, № 40, denied. Penn-Star's motion for summary judgment, № 26, granted in part and denied in part. Cervantes's cross motion, № 28, denied. An Amended Final Scheduling Order will issue.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 November 2016